(May 13, 1994)

■ In the Matter of JOHN A. BISHOP, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [614 NYS2d 331] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1978. He formerly resided in Latham, Albany County.

By petition dated December 3, 1993, the Committee on Professional Standards accused respondent of converting funds owing to a third party, engaging in fraudulent conduct, and failing to cooperate with petitioner. By decision and order dated February 1, 1994, respondent was suspended from practice pending consideration of the disciplinary charges against him (Matter of Bishop, 201 AD2d 750). By subsequent decision and order dated April 5, 1994, we granted petitioner's motion for an order declaring that no factual issues are raised by the pleadings and allowing respondent to be heard in mitigation. We now find respondent guilty of the professional misconduct charged and specified in the petition. Respondent has stated he does not contest the charges and has acknowledged that he is subject to disciplinary action. Without countervailing evidence, petitioner's documentary proof and respondent's statements are sufficient for a finding of guilt (see, e.g., Matter of Capoccia, 59 NY2d 549, 551).

Respondent is guilty of very serious professional misconduct. He converted $11,000 due a real estate broker involved in a transaction in which respondent represented the sellers (Charge I). He obtained a driver's license under an assumed name after his own license had been revoked because of a DWI conviction. When he was later convicted of DWI again while using the fraudulently obtained license, respondent did not inform the court of his true identity (Charge II). Finally, respondent did not reply to petitioner's inquiries regarding a complaint against him by the attorney for the real estate broker (Charge III).

Respondent apparently has a serious substance abuse problem for which he has received treatment at an out-of-state clinic. While such a condition may explain and mitigate misconduct, it does not excuse it. As we have previously noted

"this court will not hesitate to suspend or disbar any attorney, including one afflicted with the disease of alcoholism, where serious misconduct is found or where such discipline is otherwise necessitated in order to protect the public interest" *(Matter of Schunk,* 126 AD2d 772, 774). Respondent's serious misconduct, especially the conversion of substantial funds belonging to a third party, warrants his disbarment to protect the public, deter similar misconduct, and preserve the reputation of the Bar. We also order respondent, as requested by petitioner, to make monetary restitution pursuant to Judiciary Law § 90 (6-a) in the amount of $11,000 to Ramnani and Company, the real estate broker involved in Charge I.

Cardona, P. J., White, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that respondent, John A. Bishop, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent is hereby directed to make monetary restitution in the amount of $11,000 to Ramnani and Company and is directed to reimburse the lawyers' fund for client protection for any awards made to such entity, in accordance with Judiciary Law § 90 (6-a); and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.