(October 29, 1996)

■ In the Matter of MICHAEL F. DALY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [650 NYS2d 811] —Per Curiam. Respondent was admitted to practice by this Court in 1973 and maintains an office for the practice of law in Albany.

Respondent has admitted the charges and specifications set forth in a petition dated May 13, 1996, filed by petitioner Committee on Professional Standards. On September 6, 1996, we granted petitioner's motion for an order declaring that no factual issues were raised by the pleadings and giving respondent an opportunity to be heard in mitigation. Respondent has not submitted any papers in mitigation and has not replied to an invitation to appear before the Court to be heard in mitigation.

We find respondent guilty of the following professional misconduct, as set forth in the petition. He converted $44,869.34 of the funds of an estate he was retained to repre-

sent and used the moneys for personal purposes. He claims he has made restitution to the estate but has provided no documentary proof. Respondent converted the funds by affixing the executrix's signature to thirteen checks made payable to the estate, the decedent, and/or the executrix, without her permission, knowledge, or consent. He deposited (and commingled) the checks in his law office operating account over an eleven-month period of time, from July 1993 to May 1994. Respondent also failed to maintain an escrow account, as required by the Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46), for deposit of the funds. Respondent failed to respond to inquiry letters from petitioner concerning his handling of estate funds. Petitioner then obtained a subpoena requiring respondent's appearance for an examination under oath. Although respondent appeared for the examination, he later failed to timely reimburse petitioner for the stenographic costs thereof, contrary to his obligation pursuant to our rules (22 NYCRR 806.4 [e]). He did pay the $299.50 in stenographic costs after the instant petition was filed.

In addition to his claim of restitution, respondent states that he has suffered from alcoholism and depression for many years and that he has been in a program of treatment and recovery since June 1995. Petitioner notes respondent's prior disciplinary record, which includes a letter of admonition, an oral admonition, and three letters of caution.

In view of the above, we conclude that respondent's misconduct warrants his disbarment and that an order of restitution should be entered (*see, e.g., Matter of Schlesinger*, 201 AD2d 751).

Mikoll, J. P., Mercure, White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that respondent be and hereby is found guilty of professional misconduct, as charged and specified in the petition; and it is further ordered that respondent be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is directed to make monetary restitution in the amount of $44,869.34 to the Estate of Janet Goldring and to reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the Estate of Janet Goldring, all in accordance with Judiciary Law § 90 (6-a); and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk, or employee of another; and he hereby is forbidden to appear as attorney and counselor-

at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.