■ In the Matter of THOMAS J. McGINN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner.

[665 NYS2d 734] —Per Curiam. Respondent was admitted to practice by this Court in 1985. He has maintained an office for the practice of law in the Albany area.

By petition dated November 10, 1997, the Committee on Professional Standards accused respondent of converting more than $180,000 of a client residing in a nursing home for whom he held a power of attorney. By motion dated the same day, petitioner seeks an order suspending respondent pursuant to section 806.4 (f) (22 NYCRR 806.4 [f]) of this Court's rules pending consideration of the disciplinary charges against him upon the ground that respondent is guilty of professional misconduct immediately threatening the public interest, the evidence of which is uncontroverted. Respondent has submitted an affirmation stating he does not oppose the motion.

Petitioner's uncontroverted and unexplained evidence demonstrates that, between May 1990 and the summer of 1997, respondent issued at least 105 checks to himself from the client's checking account totaling $141,150.84 and one check to Daytona Development for $40,000, all without his client's knowledge or authorization. Petitioner also advises that it is preparing an application for a subpoena to obtain requested bank records not yet produced by respondent.

Under the circumstances presented, we grant petitioner's motion and direct respondent's suspension until such time as the disciplinary matter commenced by petitioner has been concluded and until further order of this Court (*see, e.g., Matter of Van De Loo*, 225 AD2d 885).

Mercure, J. P., White, Peters, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service of this order upon respondent, which suspension shall continue until such time as the disciplinary matter pending against respondent has been concluded and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.