■ In the Matter of THOMAS J. McGINN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [675 NYS2d 392] —Per Curiam. Respondent was admitted to practice by this Court in 1985. He maintained an office for the practice of law in the Albany area. By decision entered December 11, 1997 (*Matter of McGinn*, 245 AD2d 802), this Court suspended respondent from practice pending determination of the instant disciplinary proceeding.

As charged and specified in the petition and as found by the Referee after a hearing, from May 1990 to September 1997 respondent issued 105 checks from his client's checking account, over which he had a power of attorney, payable to himself and totaling $141,150.84, thereby converting said funds to his own use in violation of this Court's disciplinary rules (Code of Professional Responsibility DR 1-102 [A] [4], [5], [8]; DR 9-102 [22 NYCRR 1200.3 (a) (4), (5), (8); 1200.46]). The client was an elderly, wheelchair bound, aphasic resident of a nursing home. He also issued a check in July 1994, without his client's knowledge or authorization, to "Daytona Development" in the amount of $40,000. Respondent did not maintain adequate records of his client's checking account (*see*, Code of Professional Responsibility DR 1-102 [A] [5], [8]; DR 9-102 [C] [22 NYCRR 1200.3 (a) (5), (8); 1200.46 (c)]). Contrary to respondent's arguments, the record sustains findings that an attorney client relationship existed between respondent and the nursing home resident and that issuance of the specified checks constituted unauthorized expenditure of her funds for respondent's benefit.

We conclude that respondent's professional misconduct warrants his disbarment. We further direct respondent to cooperate with petitioner in the prompt formulation of an order of restitution and/or reimbursement pursuant to Judiciary Law § 90 (6-a), which petitioner shall submit for entry by this Court (*see, e.g., Matter of Daly*, 232 AD2d 868).

Mercure, J. P., White, Peters, Spain and Carpinello, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition, except insofar as charge II alleged violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]), and the motions by petitioner and respondent to confirm and disaffirm the Referee's report, respectively, are accordingly granted and denied; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is directed to cooperate with petitioner in the prompt formulation of an order of restitution to his client and/or an order of reimbursement to the Lawyers' Fund for Client Protection pursuant to the provisions of Judiciary Law § 90 (6-a), which order petitioner shall submit for entry to this Court; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk, or employee of another; and he is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission, or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.