■ In the Matter of Stephen A. Phillips, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [724 NYS2d 914] —Per Curiam. Respondent was admitted to practice by this Court in 1996. He has maintained an office for the practice of law in the Town of Whitehall, Washington County.

By petition dated April 6, 2001, petitioner accuses respondent of serious professional misconduct, including substantial conversions from a client's funds and then from the client's estate. By order to show cause returnable April 25, 2001, petitioner seeks an order suspending respondent from the practice of law pursuant to this Court's rules (*see*, 22 NYCRR 806.4 [f]) pending consideration of the disciplinary charges against him. Respondent has not answered or otherwise replied to the petition or motion.

Based upon respondent's failure to answer the petition, his substantial admissions under oath to commission of acts of professional misconduct, and other uncontroverted evidence of the misconduct, we find that respondent is guilty of professional misconduct immediately threatening the public interest.

Under the circumstances presented, we grant petitioner's motion and direct respondent's suspension until such time as

the disciplinary proceeding commenced by petitioner has been concluded and until further order of this Court (*see, e.g., Matter of McGinn*, 245 AD2d 802).

Cardona, P. J., Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service of this order upon respondent, which suspension shall continue until such time as the disciplinary proceeding pending against respondent has been concluded and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see*, 22 NYCRR 806.9).