■ In the Matter of STEPHEN A. PHILLIPS, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [727 NYS2d 729] —Per Curiam. Respondent was admitted to practice by this Court in 1996 and maintained an office for the practice of law in the Town of Whitehall, Washington County.

A petition of charges dated April 6, 2001 accuses respondent of serious professional misconduct in violation of the Appellate Division attorney disciplinary rules (*see,* Code of Professional Responsibility DR 1-102 [a] [3], [4], [5], [7]; DR 6-101 [a] [3]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (3), (4), (5), (7); 1200.30 (a) (3); 1200.46 (a)]), including substantial conversions from a client's funds and estate, fraudulently issuing checks on the estate account, neglect of the estate and failure to cooperate with petitioner's investigation. The petition also states that respondent has failed to comply with the attorney registration requirements since the 1998-1999 biennial period (*see,* Judiciary Law § 468-a; 22 NYCRR part 118; DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

On May 16, 2001, respondent was suspended from practice until the disciplinary proceeding commenced by the petition was concluded (283 AD2d 768). Respondent failed to answer the petition and failed to reply to petitioner's subsequent motion for a default judgment, both of which were served upon him through his attorney. Under the circumstances, respondent is deemed to have admitted the charges and petitioner's motion is granted. Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged professional misconduct (*see, e.g., Matter of Farrington,* 270 AD2d 710). Petitioner's proof includes an indictment pending against respondent in Washington County Court setting forth, *inter alia,* nine felony counts of grand larceny in the third and fourth degrees (*see,* Penal Law § 155.30 [1]; § 155.35) which essentially allege that respondent stole more than $65,000 from his client and then her estate. The proof also includes respondent's sworn statement to law enforcement authorities in which he admits wrongfully taking moneys from his client after she died.

In view of the above, we conclude that respondent should be disbarred. We further direct petitioner to submit for entry pur-

suant to Judiciary Law § 90 (6-a) an appropriate restitution and/or reimbursement order or orders, in consultation with the Lawyers' Fund for Client Protection, and to serve a copy on respondent (*see, e.g., Matter of McGinn*, 252 AD2d 660).

Cardona, P. J., Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of New York, effective immediately; and it is further ordered that petitioner is directed to submit for entry pursuant to Judiciary Law § 90 (6-a) an appropriate restitution and/or reimbursement order or orders, in consultation with the Lawyers' Fund for Client Protection, and to serve a copy on respondent; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk, or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission, or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see*, 22 NYCRR 806.9).