THIRD DEPARTMENT, DECEMBER, 2003

(December 3, 2003)

In the Matter of JOSEPH J. BALOK JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [768 NYS2d 388]—

Per Curiam. Respondent was admitted to practice by this Court in 1967. He maintains an office for the practice of law in the City of Elmira, Chemung County.

Respondent has admitted the misconduct charged and specified in the petition of charges filed in this disciplinary proceeding, including the allegations that during the early months of 1999, he used $23,883.55 of client funds to cover his law office payroll for a two-week period, to satisfy a personal mortgage and to pay real estate taxes on a building that he owned.

We view respondent's conversion of client funds a most serious violation of an attorney's ethical obligations and find that such professional misconduct warrants his disbarment.

We further direct respondent to cooperate with petitioner in the prompt formulation of an order of restitution and/or reimbursement pursuant to Judiciary Law § 90 (6-a), which petitioner shall submit for entry by this Court (*see e.g. Matter of McGinn,* 252 AD2d 660 [1998]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is fur-

ther ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is directed to cooperate with petitioner in the prompt formulation of an order of restitution and/or reimbursement pursuant to the provisions of Judiciary Law § 90 (6-a), which order petitioner shall submit to this Court for entry; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk, or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission, or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).