■ In the Matter of CALVIN ELEBY, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [786 NYS2d 365]—

Per Curiam. Respondent was admitted to practice by this Court in 1990 and resides in Birmingham, Michigan.

Petitioner moves for an order pursuant to this Court's rules suspending respondent pending final determination of the disciplinary charges against him (see 22 NYCRR 806.4 [f]). Respondent does not oppose the motion.

By petition dated November 10, 2004, petitioner charged respondent with converting funds received on behalf of others in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 9-102 (a) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.46 [a]).

We have reviewed the affidavit of petitioner submitted in support of the motion and find that there are admissions by respondent to the misconduct and uncontroverted evidence of respondent's professional misconduct. Respondent has admitted converting $27,676 of his client's moneys and using these funds for his personal benefit. The admitted conversion of client funds constitutes conduct immediately threatening the public interest (see Matter of Murdock, 182 AD2d 915 [1992]).

Accordingly, petitioner's motion is granted and respondent is suspended from the practice of law until such time as the disciplinary proceeding has been concluded and until further order of this Court (see Matter of Phillips, 283 AD2d 768 [2001]). The suspension shall commence upon service on respondent of this memorandum and order (see 22 NYCRR 806.4 [f] [2]).

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion to suspend respondent from the practice of law pursuant to this Court's rules (*see* 22 NYCRR 806.4 [f]) is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service of this order on respondent, which suspension shall continue until such time as the disciplinary proceeding pending against respondent has been concluded and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).