■ In the Matter of CALVIN ELEBY, JR., a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [790 NYS2d 616]—

Per Curiam. Respondent was admitted to practice by this Court in 1990 and resides in Birmingham, Michigan. By order entered December 23, 2004, he was suspended pending determination of this proceeding, pursuant to Rules of this Court (22 NYCRR) § 806.4 (*Matter of Eleby*, 13 AD3d 974 [2004]).

A petition of charges dated November 10, 2004 accuses respondent of violating attorney disciplinary rules while acting of counsel to a Wisconsin attorney during the course of representing a Wisconsin resident (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]). Such misconduct included the conversion of a sum of money in excess of $27,000 received on behalf of others and would be a violation of each of the above cited rules if committed in New York.

Petitioner now moves for an order pursuant to section 806.5 of the Rules of this Court declaring that no factual issues are raised and fixing a time at which respondent may be heard in mitigation. Respondent has consented to this motion, waived the opportunity to appear in mitigation, admitted the underlying conversion of client funds and acknowledged his obligation to pay restitution. Based on the proof submitted by petitioner, confirmed by respondent's admission, we find that respondent is guilty of the charged professional misconduct and conclude that he should be disbarred.

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional

misconduct as set forth in the petition of charges; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys in the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).