(October 12, 2006)

■ In the Matter of ARTHUR M. KAHN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [821 NYS2d 768]—

Per Curiam. Respondent was admitted to practice by this Court in 1975. He maintains an office for the practice of law in the Town of Woodstock, Ulster County.

Petitioner moves for an order suspending respondent from practice pending consideration of disciplinary charges against him upon the ground that he is guilty of professional misconduct immediately threatening the public interest (see 22 NYCRR 806.4 [f]). Petitioner has filed a petition of charges alleging that respondent converted client funds and is guilty of other professional misconduct.

In support of its motion, petitioner cites respondent's admissions to a pattern of substantial conversion of client funds. Respondent has made the admissions in an affirmation that he submitted in reply to a client complaint, in reply to petitioner's motion and during his testimony at an examination under oath conducted by petitioner. It appears that respondent retains the means and motive for continuing his conversions.

We find that respondent is guilty of professional misconduct immediately threatening the public interest and we therefore grant petitioner's motion and suspend respondent from the practice of law pending disposition of the petition of charges (see e.g. Matter of DiStefano, 21 AD3d 640 [2005]).

Mercure, J.P., Crew III, Carpinello, Mugglin and Rose, JJ. concur.

Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service on respondent of this decision and order and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).