■ In the Matter of ARTHUR M. KAHN, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [830 NYS2d 375]—

Per Curiam. Respondent was admitted to practice by this Court in 1975. He maintained an office for the practice of law in the Town of Woodstock, Ulster County.

In October 2006, this Court suspended respondent from practice pending consideration of disciplinary charges against him on the ground that he was guilty of professional misconduct immediately threatening the public interest (*see Matter of Kahn*, 33 AD3d 1040 [2006]). Thereafter, we granted petitioner's motion for an order declaring that no factual issues were raised by the petition of charges and respondent's answer, which admitted the charges and specifications (*see* 22 NYCRR 806.5).

Respondent is guilty of very serious professional misconduct as set forth in the petition of charges. Most seriously, respondent converted substantial client funds for personal and office expenses over a period of at least one year, in violation of the rules of professional conduct (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]; DR 9-102 [a] [22 NYCRR 1200.46 (a)]). Further, respondent failed to deposit funds into an IOLA account or an interest bearing account for the benefit of his clients and third parties, failed to promptly remit client funds, issued checks against insufficient funds from his attorney escrow account, failed to maintain complete records of all deposits into and disbursements out of his escrow account, issued three checks from his escrow account payable to cash, failed to properly title his attorney escrow accounts, and failed to cooperate with petitioner in its investigation (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]; DR 9-102 [b], [c] [4]; [d], [e] [22 NYCRR 1200.46 (b), (c) (4); (d), (e)]).

We have considered respondent's submissions in mitigation, especially the numerous letters that he has submitted from colleagues evidencing his good professional reputation, and we note his relatively unblemished disciplinary record. However, considering all of the circumstances presented, we conclude that respondent's professional misconduct warrants his disbarment (*see e.g. Matter of Balok*, 2 AD3d 887 [2003]; *Matter of Daly*, 232 AD2d 868 [1996]; *Matter of Bishop*, 204 AD2d 851 [1994]; *Matter of Murdock*, 186 AD2d 312 [1992]).

We also order respondent, as requested by petitioner, to make monetary restitution pursuant to Judiciary Law § 90 (6-a) in the amount of $18,954.66 to the Krom Estate or estate beneficiary, Kevin Krom, and in the amount of $3,939.60 to Claude Mann, which amounts are not contested by respondent and are set forth in charge III. We further direct respondent to cooper-

ate with petitioner in the prompt formulation of an order of restitution and/or reimbursement pursuant to Judiciary Law § 90 (6-a) with respect to any other moneys that respondent willfully misappropriated or misapplied, which order petitioner shall submit for entry by this Court. In this regard, we note that petitioner's audit of respondent's accounts shows that he owes client Bernard $93.45 and client Capriotti $625.

Mercure, J.P., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in the charges and specifications of the petition; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent be and hereby is directed to make monetary restitution in the amount of $18,954.66 to the Krom Estate or to Kevin Krom, and in the amount of $3,939.60 to Claude Mann, and to reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the Krom Estate, Kevin Krom or Claude Mann, all in accordance with Judiciary Law § 90 (6-a); and it is further ordered that respondent is directed to cooperate with petitioner in the prompt formulation of an order of restitution and/or reimbursement pursuant to Judiciary Law § 90 (6-a) with respect to any other moneys that respondent willfully misappropriated or misapplied, which order petitioner shall submit for entry by this Court; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).