■ In the Matter of JOSEPH O. SULLIVAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [843 NYS2d 693]—

Per Curiam. Respondent was admitted to practice by this Court in 1990. He maintains an office for the practice of law in the Town of Warwick, Orange County.

Respondent was admitted to the New Jersey bar in 1983 and maintained a law office in that state. By order dated July 3, 2007, the Supreme Court of New Jersey disbarred respondent for knowingly misappropriating client funds and engaging in dishonest conduct. Petitioner now moves for an order pursuant to this Court's rules (*see* 22 NYCRR 806.19) imposing reciprocal discipline.

Respondent argues that there was an infirmity of proof to sustain the finding of knowing misappropriation in New Jersey and that a reciprocal disbarment by this Court would be unduly harsh given the mitigating circumstances that he sets forth in his affirmation in opposition to petitioner's motion.

Upon our review of the record, we conclude that the proof of knowing misappropriation in the New Jersey proceeding was sufficient for this Court to accept as final the finding of misconduct in that state (*see* 22 NYCRR 806.19 [d] [2]). We also note that this Court has previously meted out the penalty of

disbarment for knowing misappropriation of client funds for personal purposes even when sympathetic mitigating circumstances may exist (*see e.g. Matter of Kahn*, 37 AD3d 949 [2007]; *Matter of Van De Loo*, 240 AD2d 940 [1997], *lv denied* 90 NY2d 811 [1997]).

We grant petitioner's motion and further conclude that, in the interest of justice and with due consideration to the disciplinary judgment of the Supreme Court of New Jersey, respondent should be reciprocally disbarred.

Cardona, P.J., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is reciprocally disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).