■ In the Matter of JOSEPH H. OSWALD, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STARDARDS, Petitioner. [848 NYS2d 448]—

Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1985. He maintained a law office for the practice of law in the Town of Salem, Washington County.

By decision dated October 4, 2007, upon petitioner's motion, this Court suspended respondent from practice pending consideration of disciplinary charges against him upon the ground that he was guilty of professional misconduct immediately threatening the public interest (*Matter of Oswald*, 44 AD3d 1084 [2007]). Respondent has admitted the professional misconduct set forth in the petition of charges that petitioner filed with its motion.

Now, having issued an order declaring that no factual issues are raised by the pleadings and having heard respondent in mitigation, we find respondent guilty of the following charges of professional misconduct in violation of the Appellate Division attorney disciplinary rules. Respondent converted funds received on behalf of a client (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]), willfully failed to obey an order by

Family Court to satisfy his outstanding child support obligation which resulted in respondent's sentence to 15 days incarceration (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), failed to cooperate with petitioner in its investigation (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), neglected a client's divorce matter (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to communicate with his clients (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to return funds belonging to a client (*see* Code of Professional Responsibility DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)]), and failed to comply with the rules governing representation of clients in domestic relations matters (*see* Code of Professional Responsibility DR 2-106 [c] [2] [ii]; [f] [22 NYCRR 1200.11 (c) (2) (ii); (f)]; 22 NYCRR part 1400). With respect to the conversion charge, petitioner submits proof of withdrawals by respondent from his escrow account for personal expenses between December 2006 and January 2007 totaling more than $12,000.

In mitigation, respondent expresses remorse and cites his prior commendable service to his community, bar associations, and as Washington County Public Defender. He also relates personal issues which may have negatively influenced his behavior.

Respondent is guilty of very serious professional misconduct which we conclude warrants his disbarment, especially his conversion of client funds and willful failure to obey a Family Court order (*see e.g. Matter of Balok*, 2 AD3d 887 [2003]). We further direct respondent to cooperate with petitioner in the prompt formulation of an order of restitution and/or reimbursement pursuant to Judiciary Law § 90 (6-a), which petitioner shall submit for entry by this Court (*see e.g. id.*).

Cardona, P.J., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is directed to cooperate with petitioner in the prompt formulation of an order of restitution and/or reimbursement pursuant to the provisions of Judiciary Law § 90 (6-a), which order petitioner shall submit to this Court for entry; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and re-

spondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).