■ In the Matter of JIWEI ZHAO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [874 NYS2d 272]—

Per Curiam. Respondent was admitted to practice by this Court in 2002. He was previously admitted in 2001 in New Jersey, where he practiced law.

By order dated August 21, 2008 (196 NJ 363, 954 A2d 1154 [2008]), the Supreme Court of New Jersey disbarred respondent upon his consent, which consent was tendered by affidavit wherein he admitted to a knowing misappropriation of client trust funds.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has submitted papers in opposition to the motion which do not establish any of the available defenses to reciprocal discipline (*see* 22 NYCRR 806.19 [d]). We therefore grant petitioner's motion. In determining the appropriate discipline to be imposed by this Court, and giving due regard to the disciplinary judgment of a sister state, we conclude that the interests of justice will be served by imposing the same discipline as was imposed in New Jersey, namely disbarment (*see e.g. Matter of Sullivan*, 43 AD3d 1270 [2007]; *Matter of Paster*, 43 AD3d 632 [2007]).

Peters, J.P., Rose, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that petitioner's motion for reciprocal discipline pursuant to 22 NYCRR 806.19 is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of

another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).