■ In the Matter of JOHN J. KELLEHER, a Disbarred Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [947 NYS2d 181]—

Per Curiam. By order entered December 8, 2011, respondent

was disbarred by this Court upon his failure to answer a petition of charges or appear upon petitioner's subsequent default motion (*Matter of Kelleher*, 90 AD3d 1229 [2011]). He now moves to vacate the default judgment and order disbarring him, requesting that his papers be considered in mitigation and that a less severe penalty be imposed. Petitioner opposes the motion.

We grant respondent's motion to the extent that we have heard him in mitigation on his submission of papers and at oral argument, where respondent sets forth personal stressors during the period in question. He also submits numerous affidavits and letters attesting to his good character and reputation in the community.

Nevertheless, respondent does not deny the underlying conduct and we decline to disturb the penalty previously imposed. As described in our prior decision, respondent received settlement checks totaling $60,000 on behalf of a client in April 2007, he deposited the checks into his business account, and he then used the funds for personal purposes (*see* former Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [c] [4] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (c) (4)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [c], [d], [h]; 1.15 [a]).[1] Despite repeated inquiries from the client regarding her share of the proceeds over the next three years, respondent did not provide the client with the money she was entitled to until November 2010.[2]

Respondent's misconduct is aggravated by a letter of caution that he received in 2010 for, among other things, not responding to client communications. Further, at the outset of its investigation into the instant matter, petitioner requested on multiple occasions that respondent provide information regarding the validity of the client's complaint; such initial requests went unheeded by respondent.

Having considered the factors and circumstances presented, and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that disbarment is an appropriate sanction (*see e.g. Matter of Kahn*, 37 AD3d 949 [2007]; *Matter of Balok*, 2 AD3d 887 [2003]).

Peters, P.J., Lahtinen, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that respondent's motion is granted to the extent that we have considered the mitigating circumstances presented; and it is further ordered that the motion is otherwise denied.

---

1. The misconduct occurred prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.

2. We note that the client died approximately four months later.