Per Curiam.
Respondent was admitted to practice by the Appellate Division, Fourth Department in 2003. He maintained an office for the practice of law in the City of Rochester, Monroe County.
Respondent has not answered a petition of charges or opposed petitioner’s subsequent motion for a default judgment, both of which were personally served on him. Under the circumstances, respondent is deemed to have admitted the charges and petitioner’s motion for a default judgment is granted (see *1344 e.g. Matter of Phillips, 284 AD2d 897 [2001]). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.
In violation of the attorney disciplinary rules* as charged and specified in the petition, respondent diverted over $44,000 in payments from his law firm’s clients for his own use (see former Code of Professional Responsibility DR 9-102 [c] [1], [3], [4] [22 NYCRR 1200.46 (c) (1), (3), (4)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [1], [3], [4]); neglected client matters (see former Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]); engaged in dishonest, fraudulent or deceitful conduct (see former Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3 (a) (4)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c]); and failed to cooperate with petitioner (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).
Having considered the factors and circumstances presented, and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be disbarred.
Rose, J.P., Spain, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that petitioner’s motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

 The alleged misconduct occurred prior to and after the April 1, 2009 enactment of the Rules of Professional Conduct with the exception of the charge of failing to cooperate with petitioner, which took place in 2010.