■ In the Matter of EDWARD WILDOVE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [964 NYS2d 274]—

Per Curiam. Respondent was admitted to practice by this Court in 1978. He maintains an office for the practice of law in the Town of Cobleskill, Schoharie County.

By petition dated January 23, 2013, petitioner charged respondent with converting funds received on behalf of his clients, commingling funds and failing to maintain a client ledger reflecting transactions into and out of his attorney escrow account (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [a], [d]; 8.4 [c], [d], [h]).

Petitioner moves for respondent's interim suspension pending consideration of that charge on the ground that he is guilty of professional misconduct immediately threatening the public interest (see 22 NYCRR 806.4 [f]). Respondent opposes the motion, but has admitted, among other serious misconduct,

converting in excess of $30,000 of his clients' funds for his personal use.

We conclude that respondent's admitted conversion of client funds, as well as his continued access to such funds, constitutes conduct immediately threatening the public interest (*see e.g. Matter of Kahn*, 33 AD3d 1040 [2006]; *Matter of Eleby*, 13 AD3d 974, 974 [2004]). Accordingly, petitioner's motion is granted and respondent is suspended from the practice of law until such time as the disciplinary proceeding has been concluded and until further order of this Court (*see e.g. Matter of Oswald*, 44 AD3d 1084 [2007]).

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service on respondent of this memorandum and order, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).