*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014        D-51-14
_____

In the Matter of THOMAS W.
    PLIMPTON, a Suspended
    Attorney.

COMMITTEE ON PROFESSIONAL                MEMORANDUM AND ORDER
    STANDARDS,
                    Petitioner

THOMAS W. PLIMPTON,
                    Respondent.

(Attorney Registration No. 2849966)
_____


Calendar Date:   September 3, 2014

Before:  McCarthy, J.P., Garry, Rose, Egan Jr. and Clark, JJ.

_____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.

        Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of
counsel), for respondent.

_____


Per Curiam.

        Respondent was admitted to practice by this Court in 1997.
He formerly maintained an office for the practice of law in the
City of Plattsburgh, Clinton County.

        By decision and order dated April 17, 2014, this Court
found respondent guilty of professional misconduct immediately
threatening the public interest and suspended him from the
practice of law pending consideration of the disciplinary charges

filed against him (Matter of Plimpton, 116 AD3d 1297 [2014]).  We then granted petitioner's motion for an order declaring that no factual issues were raised by the pleadings (see 22 NYCRR 806.5).  We now find respondent guilty of the two charges of professional misconduct set forth in the petition and supplementary petition alleging that, between June 2009 and June 2013, he converted over $29,000 in funds that he received from, among other things, billing clients for fraudulent expenses, and then using those funds for personal purposes.  Consequently, respondent is guilty of violating Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b), (c), (d) and (h) by having engaged in conduct that was illegal, involved dishonesty, fraud, deceit or misrepresentation, was prejudicial to the administration of justice, and adversely reflected on respondent's fitness as a lawyer.

We have now heard respondent in mitigation and conclude that, under all of the circumstances presented and in order to protect the public, deter similar professional misconduct and preserve the reputation of the bar, respondent's fraudulent and deceptive misconduct warrants his disbarment (see Matter of Chamblee, 96 AD3d 1343, 1344 [2012]; Matter of Kahn, 37 AD3d 949, 950 [2007]; Matter of Van DeLoo, 240 AD2d 940, 944-945 [1997], lv denied 90 NY2d 811 [1997]).  As previously noted by this Court, "conversion of client funds [is] a most serious violation of an attorney's ethical obligations," and it is viewed accordingly (Matter of Balok, 2 AD3d 887, 887 [2003]).

McCarthy, J.P., Garry, Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that respondent is found guilty of professional misconduct as charged in the petition and supplemental petition; and it is further

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court