Matter of Castillo (2018 NY Slip Op 00376)





Matter of Castillo


2018 NY Slip Op 00376


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018


[*1]In the Matter of GASPAR M. CASTILLO, a Suspended Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; GASPAR M. CASTILLO, Respondent. (Attorney Registration No. 1701606) (Proceeding No. 1.)
In the Matter of GASPAR M. CASTILLO, a Suspended Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; GASPAR M. CASTILLO, Respondent. (Attorney Registration No. 1701606) (Proceeding No. 2.)

Calendar Date: January 9, 2018

Before: Garry, P.J., McCarthy, Clark, Mulvey and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Dennis B. Schlenker, Albany, for respondent.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1981 and maintained an office for the practice of law in the City of Albany. By memorandum and order dated December 1, 2016, this Court suspended respondent from the practice of law for three years for certain misconduct, including respondent's failure to properly maintain client funds and an escrow account, his commingling of personal funds in his attorney trust account and his failure to, upon request, promptly pay or deliver certain funds to his client to which the client was entitled (145 AD3d 1177 [2016]).[FN1]
Following further investigation, petitioner commenced the first of these disciplinary proceedings by petition returnable in October 2017, alleging that respondent was guilty of certain misconduct stemming from his representation of a criminal client. Respondent joined issue and the parties later submitted a joint statement advising that the pleadings raised no issues of fact and requesting that the matter be submitted to this Court for final disposition (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [2]; Rules of App Div, 3d Dept [22 NYCRR] § 806.8 [c] [1]).
Subsequently, petitioner brought a second petition returnable in December 2017 concerning additional allegations of misconduct originating from respondent's representation of another criminal client. Respondent joined issue on this petition and, as with the first petition, the parties submitted a joint statement advising that the pleadings raised no issues of fact and asking that the two proceedings be consolidated and presented for final disposition. Having considered the parties' submissions and arguments, we find respondent's misconduct established and turn to the inquiry of the appropriate discipline to be imposed.
In mitigation,[FN2] respondent does not dispute the allegations of misconduct and professes his shame and remorse for his actions. Respondent notes that the misconduct alleged in the petitions at issue occurred contemporaneously with the misconduct for which he has already been suspended. Further, respondent avers that he has confronted the issues that led to his prior misconduct through counseling and, were he to be reinstated at some later point, he would comply with the Rules of Professional Conduct. In aggravation, petitioner notes that respondent has admitted to serious misconduct, including the conversion of client funds for his own personal use. Petitioner notes that respondent's disciplinary history evidences a longstanding pattern of grievous misconduct and that severe discipline is warranted.
While we have considered respondent's contentions in mitigation, the severity of his [*2]misconduct cannot be stressed strongly enough [FN3]. Respondent concedes that he converted nearly $47,000 of a criminal client's money that was intended to be used as collateral for his client's bail. Further, he took months to repay this money to his client despite the client's repeated requests. As to the second petition, respondent admits to having accepted a $5,000 retainer and an additional $5,000 payment to purchase transcripts to represent his client on appeal, a file on which he performed no work and purchased no transcripts. While respondent has expressed remorse and shame for his actions, these sentiments do not excuse the fact that respondent has yet to pay restitution to this client (see Matter of Torchia, 151 AD3d 1369, 1370 [2017]; Matter of Plimpton, 120 AD3d 1486, 1487 [2014]). Respondent's conversion of client funds is undoubtedly "a most serious violation of [his] ethical obligations," and his failure to pay restitution highlights our obligation to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (Matter of Balok, 2 AD3d 887, 887-888 [2003]; see Matter of Oswald, 46 AD3d 1327, 1327-1328 [2007]). Accordingly, we find that respondent should be disbarred from the practice of law in this state (see Matter of Beatty, 131 AD3d 763, 763 [2015]; Matter of Hock Loon Yong, 130 AD3d 1428, 1429 [2015]; Matter of Karnazes, 128 AD3d 1169, 1169 [2015], appeals dismissed 27 NY3d 974 [2016]; see also Matter of Bloomberg, 154 AD3d 75, 79 [2017]; Matter of Babalola, 139 AD3d 61, 64-66 [2016]).
Garry, P.J., McCarthy, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that respondent's professional misconduct as set forth in the petition of charges returnable October 2017 is deemed established, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR § 1200.0) rules 1.3 (b); 1.4 (a) (4); 1.5 (b), (d) (4); 1.15 (a), (b) (1); (c) (3), (4); (d); 8.4 (c), (d) and (h), and Rules of the Appellate Division (22 NYCRR) part 1215; and it is further
ORDERED that respondent's professional misconduct as set forth in the petition of charges returnable December 2017 is deemed established, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR § 1200.0) rules 1.3 (a), (b); 1.4 (a) (4); 1.5 (b), (d) (4); 1.15 (a), (b) (1); (c) (3), (4); 1.16 (e); 8.4 (c), (d) and (h), Judiciary Law § 468-a and Rules of the Appellate Division (22 NYCRR) part 1215; and it is further
ORDERED that respondent is disbarred and his name is
stricken from the roll of attorneys and counselors-at-law of the
State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent is directed to cooperate with petitioner in the formulation of any restitution order or orders that petitioner may deem appropriate for submission to this Court for entry pursuant to Judiciary Law § 90 (6—a).



Footnotes

Footnote 1: By August 2016 order, this Court had previously suspended respondent for six months due to discipline imposed against him by the Second Circuit Court of Appeals (142 AD3d 729 [2016]).

Footnote 2: We note that respondent submitted his affidavit in support of mitigation eight days after the deadline provided by this Court. He now asks that we consider his submission despite its tardiness. We grant his request and consider his submission.

Footnote 3: We note that respondent is again delinquent in his registration requirements in violation of Judiciary Law § 468-a, which provides that every attorney admitted to practice in New York, including those attorneys who have been suspended from practice, must continue to comply with the registration requirements (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [a]-[c]).