Matter of Friedman (2018 NY Slip Op 07529)





Matter of Friedman


2018 NY Slip Op 07529


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: November 8, 2018
[*1]
In the Matter of BARRY DEAN FRIEDMAN, a Suspended Attorney. 
 
(Attorney Registration No. 2457018)

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor, of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1992 after being admitted in his home jurisdiction of New Jersey in 1991. He lists a business address with the Office of Court Administration in Teaneck, New Jersey. In January 2014, respondent was suspended by this Court for conduct prejudicial to the administration of justice arising from his noncompliance with this state's attorney registration requirements since 2008 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1032 [2014]; see Judiciary Law § 468-a [5]; Rules of the Chief Administrator of the Courts [22 NYCRR] § 118.1). Said suspension remains in full effect to date. By May 2018 order, the Supreme Court of New Jersey disbarred respondent in that state, upon his consent, based upon substantiated allegations that he had knowingly misappropriated client funds. Accordingly, by order to show cause marked returnable October 9, 2018, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in New Jersey. Respondent has not responded to the motion.
We find that respondent's misconduct in New Jersey would constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR) rule 1.15 (a), which provision is directly analogous to the rule violation cited in respondent's affidavit consenting to his disbarment in New Jersey (see Matter of Castillo, 157 AD3d 1158, 1158 [2018], lv denied 31 NY3d 906 [2018]; Matter of Kelleher, 95 AD3d 1649, 1650 [2012]). In any event, respondent's failure to respond to AGC's motion results in the waiver of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we grant AGC's motion and turn to the inquiry of the appropriate discipline to be imposed (see Matter of Tambolini, 155 AD3d 1302, 1303 [2017]; Matter of Ebrahimzadeh, 140 AD3d 1466, 1466 [2016]).
In his affidavit to the Supreme Court of New Jersey consenting to his disbarment, respondent conceded that he knowingly misappropriated client funds, and the allegations included in prior submissions to that Court suggest that the amount of misappropriated client funds was significant. A core tenet of our profession requires that members of the public be able to place their trust in attorneys to honor their ethical obligations and to properly safeguard their clients' property (see ABA Standards for Imposing Lawyer Sanctions, Heading II [Theoretical Framework]). Here, respondent's misconduct jeopardizes that trust and, accordingly, it warrants [*2]a significant sanction (see Matter of Castillo, 157 AD3d at 1158; Matter of Beatty, 131 AD3d at 764; Matter of Kelleher, 95 AD3d at 1650; Matter of Sullivan, 43 AD3d 1270, 1270-1271 [2007]; see also ABA Standards for Imposing Lawyer Sanctions § 4.11). We also note that, in aggravation of his misconduct, respondent failed to advise this Court and AGC of his New Jersey disbarment in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Graham, 164 AD3d 1520, 1521 n [2018]). Lastly, it is evident that respondent is disinterested in his fate as an attorney in this state based upon his persistent registration delinquency, which spans the last five registration periods, along with his failure to participate in these proceedings (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; see also Matter of Brownell, 163 AD3d 1346, 1348 n [2018]). We therefore conclude, upon consideration of all the facts and circumstances presented, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, that respondent should be disbarred from the practice of law in this state.
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).