(October 8, 1998)*

■ In the Matter of F. BIRT EVANS, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner.

---

* Not published with other Third Department decisions of October 8, 1998.

[— NYS2d —] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1971 and has practiced law in St. Lawrence County.

Respondent was convicted of offering a false instrument for filing in the second degree, a class A misdemeanor (Penal Law §175.30) and serious crime as that term is defined in Judiciary Law § 90 (4) (d). On May 13, 1998, this Court denied a motion by petitioner, the Committee on Professional Standards, to suspend respondent pursuant to Judiciary Law § 90 (4) (f) based on said conviction until such time as a final disciplinary order was made pursuant to Judiciary Law § 90 (4) (g) (*Matter of Evans*, 250 AD2d 922). On May 22, the St. Lawrence County Court denied respondent's motion to dismiss the only count of the indictment upon which he was found guilty, sentenced him to a conditional discharge of six months, and directed him to pay a $90 surcharge and perform 200 hours of community service. Petitioner now moves for entry of a final disciplinary order.

At sentencing, the trial court concluded that respondent was convicted of a "victimless" crime. Respondent has submitted affidavits from numerous Judges and attorneys indicating that he is held in very high esteem professionally and personally in St. Lawrence County. Several of the attorneys' affidavits question whether criminal proceedings should have ever been brought against respondent. Respondent has disclosed recent medical, psychiatric and substance abuse concerns and evaluations.

We conclude that respondent should be indefinitely suspended from practice; however, we stay said suspension upon the following conditions: (1) that respondent submit to petitioner semiannual reports from his treating psychiatrist assessing his continuing capacity to practice law; (2) that respondent commence, within thirty (30) days of the date of this decision, outpatient alcoholism counseling for six months; (3) that, at the end of said six months, respondent shall submit an evaluation from his alcoholism counselor to petitioner and to the New York State Bar Association Lawyers' Assistance Program and resubmit to an evaluation by the Lawyers' Assistance Program for possible acceptance into the program; and (4) that respondent submit to an evaluation by a psychiatrist selected by petitioner, if petitioner deems such an evaluation advisable at any time within the suspension period. Any failure to meet said conditions shall be reported by petitioner to this Court. Respondent may apply to terminate the suspension after two years from the date of this decision, upon notice to petitioner, which shall inquire into the merits of, and may be

heard upon, any such application. (*See, e.g., Matter of Dono-hue*, 248 AD2d 740; *Matter of Winsor*, 242 AD2d 828; *Matter of Canale*, 209 AD2d 816.)

Mercure, J. P., White, Peters, Spain and Graffeo, JJ., concur. Ordered that, pursuant to Judiciary Law § 90 (4) (f), (g), respondent is indefinitely suspended from the practice of law, effective immediately; and it is further ordered that said suspension is stayed upon the conditions set forth in the decision herein.