In the Matter of F. BIRT EVANS, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [718 NYS2d 419] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1971 and maintains an office for the practice of law in the Town of Canton, St. Lawrence County.

In 1998, this Court suspended respondent from practice indefinitely but stayed the suspension on condition that he submit semiannual psychiatric reports and participate in alcoholism counseling (*see,* 254 AD2d 849).

Petitioner now moves for a default judgment on a subsequent petition setting forth 17 charges of professional misconduct against respondent, including various escrow account violations, conversion of client funds, commingling, neglect of legal matters, failure to refund the unearned portion of retainers, failure to comply with a fee arbitration award, charging an excessive fee, and failure to cooperate with petitioner. Petitioner's motion is supported by proof of personal service of the petition upon respondent and proof of the specifications and charges. Petitioner also advises that it has received eight additional complaints of professional misconduct against respondent and that respondent has not submitted a required semiannual report from his treating psychiatrist. Respondent cross moves to excuse his admitted default in answering the petition, citing lack of secretarial help and continuing psychological problems. In a proposed answer to the petition, respondent admits many of the specifications.

Under the particular circumstances presented, we grant petitioner's motion for a default judgment and deny respondent's cross motion (*see,* CPLR 2005; 3012 [d]; 3215; *Matter of*

*Larson*, 177 AD2d 852). We therefore find respondent guilty of the charged misconduct.

Further, in keeping with this Court's inherent authority over the practice of law by attorneys and our obligation to protect the public (*see, Matter of Anonymous*, 21 AD2d 48), we vacate the stay of respondent's current indefinite suspension, effective 20 days from the date of this decision. Respondent may be heard in mitigation or otherwise at a time to be fixed by the Clerk of the Court.

Mercure, J. P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion for a default judgment is granted and respondent's cross motion is denied; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that the stay of respondent's current indefinite suspension is vacated, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of respondent's suspension, he is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent may be heard in mitigation or otherwise at a time to be fixed by the Clerk of the Court; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see,* 22 NYCRR 806.9) regulating the conduct of suspended attorneys.