(February 9, 2001)

■ In the Matter of F. BIRT EVANS, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [720 NYS2d 643] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1971 and maintained an office for the practice of law in the Town of Canton, St. Lawrence County.

In 1998, respondent was convicted in St. Lawrence County Court of offering a false instrument for filing in the second degree, a class A misdemeanor (see, Penal Law § 175.30) and a serious crime as that term is defined in Judiciary Law § 90 (4) (d). On October 8, 1998, this Court imposed as final discipline for such conviction an indefinite suspension from practice but stayed the suspension on condition that respondent submit semiannual psychiatric reports and participate in alcoholism counseling (see, Matter of Evans, 254 AD2d 849). By subsequent petition dated July 31, 2000, petitioner brought 17 charges of professional misconduct against respondent, including various escrow account violations, conversion of client funds, commingling, neglect of legal matters, failure to refund the unearned portion of retainers, failure to comply with a fee arbitration award, charging an excessive fee and failure to cooperate with petitioner. Respondent failed to file a timely answer to the petition and on December 7, 2000, we granted petitioner's motion for a default judgment finding respondent guilty of the charged misconduct (see, 278 AD2d 583). Further, we vacated the stay of respondent's indefinite suspension and have heard respondent in mitigation.

Respondent discloses that on December 28, 2000, he was indicted by a St. Lawrence County Grand Jury on a charge of grand larceny in the third degree, a class D felony (see, Penal Law § 155.35).

Petitioner advises that respondent is the subject of additional pending client complaints and that, since 1985, it has issued several letters of caution to respondent and admonished him three times. Although we acknowledge respondent's efforts to deal with his psychiatric and substance abuse problems, his expression of remorse, and his prior submission of affidavits from Judges and attorneys in St. Lawrence County, we cannot excuse his serious professional misconduct. In view of the circumstances presented, respondent's disciplinary history and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be disbarred. Further, we direct respondent to cooperate with petitioner in the prompt formulation of an ap-

propriate restitution order or orders, to the extent petitioner deems such orders necessary, which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (*see, e.g.*, *Matter of McGinn*, 252 AD2d 660; *Matter of Swan*, 251 AD2d 745).

Mercure, J. P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent is directed to cooperate with petitioner in the prompt formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a); and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see*, 22 NYCRR 806.9) regulating the conduct of disbarred attorneys.