[901 NYS2d 68]

In the Matter of EMANUEL A. TOWNS (Admitted as EMANUEL AL-EXANDER TOWNS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 27, 2010

[black redaction bars]

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Emanuel A. Towns*, Brooklyn, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated July 30, 2007 containing two charges of professional misconduct. After a hearing on May 20 and May 21, 2008 before the Honorable Lawrence J. Bracken, John P. Clarke, the Special Referee to whom the matter ultimately was assigned, sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the report and dismiss the proceeding, or alternatively, to impose a private sanction.

Charge one alleges that the respondent entered into an agreement for, charged, or collected illegal or excessive fees for services of both a legal and nonlegal nature rendered on behalf of Horace Medford, in violation of Code of Professional Responsibility DR 2-106 (a) (22 NYCRR 1200.11 [a]).

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations contained in charge one.

On or about August 7, 2001, the respondent was retained to represent an approximately 89-year-old self-petitioner and alleged incapacitated person, Horace Medford, and his wife, in a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a proposed guardian. The respondent represented Medford from June 2001 through March 2002. Medford's wife died in August 2001 during the course of the representation.

In a retainer agreement dated August 7, 2001 executed by Medford, the respondent acknowledged that Medford previously

had paid an initial retainer fee in the sum of $7,500 and that he required an additional $7,500 at the time the agreement was signed. Pursuant to the retainer agreement, the respondent was to bill Medford at the rate of $250 per hour for his services and $150 per hour for the services of paralegals and associates. The agreement further provided: "You will be responsible for all non-legal fees and expenses incurred, on your behalf, in representing you in the Article 81 proceeding, and these fees are in addition to any legal fees billed to you."

Between June 2001 and March 2002, the respondent presented bills totaling $88,968.45, and all charges were billed at the rate of $250 per hour, for services of both a legal and nonlegal nature. Between June 2001 and January 2002, Leslie Evans, an attorney and family friend of Medford, served as the proposed, and later as the appointed temporary guardian for Medford. Between November 2001 and February 2002, the respondent submitted his bills directly to, and was paid directly by, Medford. On or about January 16, 2002, Evans and Cleveland Thornhill, a relative of Medford, were appointed coguardians by then Kings County Supreme Court Justice John M. Leventhal. Although the respondent adjusted two bills after the coguardians voiced an objection, and revised his hourly rate to $195 per hour for those two bills only, the entirety of the fees for services of both a legal and nonlegal nature between June 2001 and March 2002, totaled the sum of $85,045.95.

The bills covering this period, from June 2001 to March 2002, totaling six in number, contained charges whereby the respondent billed at a rate of $250 per hour for services of a nonlegal nature, or reflected an excessive number of hours spent on matters that were not necessary, and/or should not have reasonably taken the amount of time billed, and/or could have been performed by a nonlawyer. Such charges, too numerous to itemize individually, billed Medford, for instance, for the time the respondent spent: accompanying Medford to the doctor for a medical visit or to the bank to locate a safe deposit key; going to court to conform orders; accompanying Medford to the New York City central passport office to obtain an expedited passport; or arranging for a trip by Medford to visit a relative in Barbados.

On an application by the respondent for payment of outstanding fees, Justice Leventhal found numerous instances of work of a nonlegal nature for which Medford was charged rates for legal services, and instances of excessive number of hours spent on matters that were not necessary and/or should not have taken

as long as billed. In a decision and order dated December 20, 2002, Justice Leventhal denied the application.

In an answer dated January 15, 2008, the respondent denied that the fees he charged Medford were excessive, disputed that various services were of a nonlegal nature since they were incident to legal services provided, and claimed that if these services were regarded as of a nonlegal nature, his rate of $250 per hour was, in any event, reasonable for such services.

At the hearing, the parties stipulated that the fees at issue were not illegal.

Based on the evidence adduced at the hearing, which included admissions by the respondent that he billed inappropriately and was wrong for doing so, and the expert testimony of Henry Rakowski, Esq., who opined that many services were billed at a rate for legal services which should not have been so billed, we conclude that the Special Referee properly sustained both charges of professional misconduct. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report and to impose discipline is granted, and the respondent's cross motion is denied.

The respondent's argument alleging a violation of his constitutional rights is without merit.

In mitigation, the respondent asks that the following be considered: the novelty and difficulty of representing a client who was on the verge of incapacity, self-applying for a guardian, required more than ordinary time spent in meeting with the client; the downward adjustment of his fee to $195 per hour for two bills; performing services for which he did not charge; the satisfactory results achieved for his client; and his unblemished record after more than 30 years of practice and his distinguished record of service to the bar.

Notwithstanding these mitigating factors, the respondent engaged in a pattern of excessive billing involving an elderly client who was suffering from dementia.

Under the totality of circumstances, we find that the respondent's professional misconduct warrants his suspension from the practice of law for a period of six months, and we further find that appropriate restitution should be made by the respondent. Accordingly, we direct the respondent to cooperate with the Grievance Committee in the prompt formulation of an appropriate restitution order, which the Grievance Committee shall submit for entry pursuant to Judiciary Law § 90 (6-a) (*see Matter of Evans*, 280 AD2d 869 [2001]).

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that the respondent, Emanuel A. Towns, admitted as Emanuel Alexander Towns, is suspended from the practice of law for a period of six months, commencing May 27, 2010 and continuing until further order of this Court, with leave to the respondent to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof (1) that during the said period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Emanuel A. Towns, admitted as Emanuel Alexander Towns, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Emanuel A. Towns, admitted as Emanuel Alexander Towns, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent is directed to cooperate with the petitioner in the prompt formulation of an appropriate restitution order which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a); and it is further,

Ordered that if the respondent, Emanuel A. Towns, admitted as Emanuel Alexander Towns, has been issued a secure pass by the Office of Court Administration, it shall be returned forth-

with to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).