*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    D-23-16
_____

In the Matter of CHARLES J.
    KEEGAN, a Suspended
    Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,                                 MEMORANDUM AND ORDER
                    Petitioner;

CHARLES J. KEEGAN,
                    Respondent.

(Attorney Registration No. 2886349)
_____


Calendar Date:  June 30, 2015

Before:  McCarthy, J.P., Garry, Egan Jr. and Clark, JJ.

                    _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael K. Creaser of counsel), for petitioner.

        Charles J. Keegan, South Bethlehem, respondent pro se.

                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 1998.
He maintained an office for the practice of law in Albany County.

        By decision of this Court decided and entered May 17, 2012,
respondent was suspended from the practice of law for a period of
two years after he engaged in fraudulent and illegal conduct
prejudicial to the administration of justice that adversely
reflected on his fitness as a lawyer in violation of the Rules of
Professional Conduct (95 AD3d 1560 [2012]; see Rules of
Professional Conduct [22 NYCRR 1200.0] rule 8.4 [b], [c], [d],

[h]).  He now applies for reinstatement.  Petitioner opposes the application.  We referred the application to a subcommittee of the Committee on Character and Fitness for a report pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.12 (b).  Respondent appeared before the subcommittee in October 2015, and the subcommittee subsequently issued a report recommending that his application for reinstatement be granted.

Upon our review of, among other things, respondent's application, the testimony before the subcommittee and the subcommittee's report and recommendation, we conclude that respondent has complied with the provisions of the order of suspension and with this Court's rules regarding the conduct of suspended attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).  We are also satisfied that he has complied with the requirements of this Court's rule regarding reinstatement (see Rules of App Div, 3d Dept [22 NYCRR] § 806.12 [b]) and that he presently possesses the character and general fitness to resume the practice of law.

In view of the circumstances presented, however, we impose conditions on respondent's reinstatement as follows.  For two years from the date of this decision, respondent shall submit to petitioner semiannual reports from his treating mental health provider assessing his continuing capacity to practice law (see Matter of Donohue, 29 AD3d 1212, 1213 [2006]).  The first report shall be due six months from the date of this decision.  Petitioner shall report to this Court any failure to submit the reports.  Additionally, in keeping with this Court's inherent authority over the practice of law by attorneys and our obligation to protect the public (see Matter of Evans, 278 AD2d 583, 584 [2000]; Matter of Anonymous, 21 AD2d 48, 51 [1964]), respondent shall be prohibited from applying for designation as a member of a panel of attorneys for children (see Family Ct Act § 243; Rules of App Div, 1st Dept [22 NYCRR] part 611; Rules of App Div, 2d Dept [22 NYCRR] part 679; Rules of App Div, 3d Dept [22 NYCRR] part 835; Rules of App Div, 4th Dept [22 NYCRR] part 1032), or otherwise undertaking the representation of a child as an attorney for the child, until further order of the Court (cf. Matter of Snow, 264 AD2d 898, 898-899 [1999]).

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur.


        ORDERED that respondent's application for reinstatement is granted and respondent is reinstated to the practice of law upon the conditions set forth in this decision, effective immediately.



                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court