Matter of Brollesy (2019 NY Slip Op 01484)





Matter of Brollesy


2019 NY Slip Op 01484


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: February 28, 2019
[*1]
In the Matter of HANY SAYED BROLLESY, a Suspended Attorney
. COMMITTEE ON PROFESSIONAL
 STANDARDS, Now Known as
 ATTORNEY GRIEVANCE COMMITTEE
 FOR THE THIRD JUDICIAL
 DEPARTMENT, 
 Petitioner; 

HANY SAYED BROLLESY,
Respondent.

(Attorney Registration No. 2679249)

Calendar Date: January 25, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Hany Sayed Brollesy, Cedar Grove, New Jersey, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1995. He was previously admitted in New Jersey in 1994, where he presently maintains an office for the practice of law.
By March 2014 order of this Court, respondent was suspended from the practice of law for a period of one year upon sustained allegations that, among other misconduct, he had created a fraudulent document purporting to be from a government entity and provided it to his client in an effort to make it appear that he had obtained approval of the client's visa application (115 AD3d 1052 [2015]). Respondent now moves for reinstatement to the practice of law in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner has opposed the motion [FN1]. Pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5), we referred respondent's application for reinstatement to a subcommittee of the Committee on Character and Fitness for a recorded interview of respondent and report to the Court. The subcommittee conducted respondent's interview in June 2018 and subsequently issued its report recommending that his application be granted, upon certain conditions.
As an initial matter, we find that respondent has met his threshold burden through his submission of the required documentation in support of his application, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Moreover, having reviewed respondent's application materials, his testimony before the subcommittee and the subcommittee's report and recommendation, we conclude that respondent has complied with the order of suspension and the rules of this Court and has established, by clear and convincing evidence, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Sommer, 150 AD3d 1530, 1530—1531 [2017]; Matter of Herzog, 145 AD3d 1315, 1316 [2016]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
We note with approval that, since his 2014 suspension, no new allegations of misconduct on respondent's part have been brought to the Court's attention despite respondent's practice as an attorney in New Jersey during this time. Further, we agree with the subcommittee that respondent has largely resolved the concerns underlying the denial of his previous reinstatement application, has demonstrated his remorse for his past misconduct and has taken initiative by entering voluntary peer-supported addiction programs to help avoid any pitfalls that might lead to a reoccurrence of his past misconduct. To that end, we deem it appropriate to condition respondent's reinstatement on the following three conditions suggested by the subcommittee in order to safeguard the public (see e.g. Matter of Canale, 162 AD3d 1455, 1457-1458 [2018]; Matter of Keegan, 138 AD3d 1308, 1309-1310 [2016]; Matter of Hoffman, 254 AD2d 518, 518 [1998]). Specifically, respondent shall continue to attend Gamblers Anonymous and Narcotics Anonymous meetings on a weekly basis. Within one month of this decision, respondent shall contact the New York State Bar Association Lawyer Assistance Program to secure an evaluation and, if recommended, treatment, concerning his reported history of issues with gambling, alcohol and over-the-counter sleep medication. The results of this evaluation and recommended treatment plan should be provided to petitioner within six months of this Court's order. Respondent is also directed to complete the voluntary self-exclusion process for all gaming and casino facilities in the New York, New Jersey and Connecticut areas. Such self-exclusion certifications should be indefinite or lifetime in duration, and respondent is directed to provide proof of these filings to petitioner on an annual basis by the anniversary date of this decision. All of these conditions will remain in effect until further order of the Court (Matter of Keegan, 138 AD3d at 1309-1310).
Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's application for reinstatement is granted and respondent is reinstated as an attorney and counselor-at-law in the State of New York upon the conditions set forth in this decision, effective immediately.



Footnotes

Footnote 1: Respondent's previous application seeking reinstatement was denied by this Court in 2016 (136 AD3d 1273 [2016]).