Matter of Krouner (2019 NY Slip Op 04813)





Matter of Krouner


2019 NY Slip Op 04813


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019


[*1]In the Matter of LEONARD W. KROUNER. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT Petitioner; LEONARD W. KROUNER, Respondent. (Attorney Registration No. 1501154)

Calendar Date: April 1, 2019

Before: Garry, P.J., Clark, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Leonard W. Krouner, Oceanside, California, respondent
pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1973 and previously maintained an office for the practice of law in the City of Albany. He presently resides in Oceanside, California. By May 2003 order (305 AD2d 932 [2003]), we struck respondent's name from the roll of attorneys based upon his guilty plea in Albany County Court to three felonies — insurance fraud in the third degree, a class D felony (see Penal Law § 176.20), grand larceny in the fourth degree, a class E felony (see Penal Law § 155.30 [1]), and workers' compensation fraudulent practices, a class E felony (see Workers' Compensation Law § 96 [1]) — and respondent's resulting disbarment by operation of law. Following three unsuccessful attempts (150 AD3d 1466 [2017]; 114 AD3d 993 [2014]; 84 AD3d 1585 [2011]), respondent now moves again for his reinstatement to the practice of law (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]); petitioner opposes the motion. In July 2018, we referred respondent's application for reinstatement to a subcommittee of the Committee on Character and Fitness for a recorded interview of respondent and report to the Court (see Rules of the App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]). The subcommittee has recommended that respondent's application be denied. We have considered the submissions of the parties that followed the report, and the matter is now ripe for final disposition.
"As a general rule, a respondent seeking reinstatement from suspension or disbarment must establish, by clear and convincing evidence, (1) that he or she has complied with the order [*2]of suspension/disbarment and the applicable rules of the Court, (2) that he or she possesses the requisite character and fitness for the practice of law, and (3) that his or her reinstatement 'would be in the public interest'" (Matter of Jing Tan, 164 AD3d 1515, 1516-1517 [2018], quoting Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). We find that respondent has met his threshold burden of submitting the required documentation in support of his application, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Respondent has also demonstrated that he has complied with the provisions of his order of disbarment and this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.9; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15). Accordingly, we turn to the inquiries concerning respondent's character and fitness and the public interest in his potential reinstatement.
Notably, various attorneys in this state have submitted character references speaking to respondent's good character and supporting his application. Respondent also provides evidence of his participation in various forms of volunteer work with not-for-profit and religious organizations in his community. Finally, since his disbarment, respondent has actively sought treatment for a mental health condition that contributed to his criminal conduct. His treatment providers have confirmed that he is remorseful for his criminal actions, that he has made substantial progress in treating his underlying condition and that he is fit to resume the practice of law. Based on the foregoing, we find that respondent has demonstrated by clear and convincing evidence that he has the requisite character and fitness for reinstatement (see Matter of Canale, 162 AD3d 1455, 1456-1457 [2018]).
We further find that respondent's stated intention to provide pro bono services in this state would provide a tangible benefit to the public (see generally Matter of Squires, 153 AD3d 1511, 1513 [2017]). Finally, we find that respondent's commitment to maintaining his lawful conduct since the time of his disbarment demonstrates that no detriment to the public would result from reinstatement (see Matter of Canale, 162 AD3d at 1457). Notwithstanding our determination that he has made the required showing for his reinstatement, respondent testified that he continues to benefit from his mental health treatment and has committed to biweekly visits with his current provider. We agree with his conclusion and further note that the public would equally benefit from his continuation of treatment with his current provider. Further, although respondent has demonstrated a commitment to maintaining his legal acumen through his attendance at various legal seminars, we are mindful that respondent has not actively practiced law in over 15 years. Accordingly, we believe that certain conditions should be attached to respondent's reinstatement in order to safeguard the public, and we therefore reinstate respondent to the practice of law in accordance with the conditions provided for in this order (see Matter of Brollesy, 169 AD3d 1347, 1349 [2019]; Matter of Canale, 162 AD3d at 1457; Matter of Keegan, 138 AD3d 1308, 1309 [2016]; Matter of Wheatley, 15 AD3d 771, 772 [2005]).
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be conditioned upon the following requirements: (1) respondent shall, until further order of this Court, continue regular mental health treatment with his current provider and ensure that petitioner receives quarterly reports assessing his continuing capacity to practice law based upon his treatment provider's evaluation; should respondent need to substitute a different provider in the future, such substitution may only be had upon the recommendation of his current provider and upon notice to petitioner and this Court; (2) respondent shall not engage in the solo practice of law and shall [*3]associate himself with an attorney of this state with at least five years of experience; and (3) respondent may move this Court to remove the foregoing conditions after five years from the date of this decision.