*462
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner-appellant is a disbarred attorney who has twice applied, without success, for reinstatement to the Bar. He argues that he was entitled to obtain a report that the Committee on Character and Fitness prepared in conjunction with his quest for reinstatement and provided to the Appellate Division. Petitioner wished to have the opportunity to address the concerns of the Committee and correct any possible misstatements contained in the report. We agree that petitioner was entitled to that opportunity, and accordingly reverse.
 

 Petitioner was admitted to the Bar of the State of New York in the Appellate Division of the Second Judicial Department on January 23, 1980. Over the next three years, he held several different legal jobs before starting his own general law practice, which emphasized assigned criminal work, personal injury cases, real estate transactions and wills. In 1987, while mired in debt brought about by a serious gambling problem, petitioner became involved in a criminal scheme by which husbands obtained private mortgages at reduced interest rates, usually on their marital homes, by forging their wives’ names on powers of attorney and related documents. On a number of occasions, petitioner was paid for preparing powers of attorney for these transactions and appearing at the closings. He also took three such mortgages on his own home, without his wife’s consent, in order to pay gambling debts.
 

 As a result of these actions, petitioner was arrested on March 1, 1989, and shortly thereafter pleaded guilty in Nassau County District Court to conspiracy in the fifth degree. As part of the plea agreement, he was sentenced to three years of probation, was ordered to pay approximately $15,000 in restitution and resigned from the Bar. By order dated October 10, 1989, the Second Department accepted petitioner’s resignation and disbarred him.
 

 Pursuant to the rules of that court, disbarred attorneys are allowed to apply for reinstatement after the passage of seven years
 
 (see,
 
 22 NYCRR 691.11 [a]). Petitioner first applied for reinstatement on January 15, 1997, submitting evidence that he had successfully completed his term of probation, paid his restitution, complied with the disbarment order and received treatment for his gambling problem. He also submitted proof that he had passed the Multistate Professional Responsibility Examination
 
 (see,
 
 22 NYCRR 691.11 [b] [2]).
 

 
 *463
 
 The court held petitioner’s application in abeyance and referred the matter to its Committee on Character and Fitness for an investigation and report on petitioner’s fitness to practice law. On August 25, 1997, a two-member Subcommittee held a hearing at which petitioner testified. The Subcommittee submitted a report to the full Committee, which in turn prepared its own written report. The Committee provided the court, but not petitioner, with its report. Although the Committee recommended that petitioner be reinstated — a fact never disclosed to him — on March 18, 1998 the court denied the application “[u]pon the report of the Committee on Character and Fitness and the exhibits annexed thereto.”
 

 On January 27, 1999, petitioner filed a second application for reinstatement, supporting his application with a memorandum of law and additional evidence that he had recovered from his gambling problem and had the requisite character and fitness to resume the practice of law. No hearing was held on the second reinstatement petition, which was unopposed by the Grievance Committee, the Lawyers’ Fund for Client Protection and the Character Committee. On June 7, 1999, the Second Department denied the petition, finding “that the petitioner does not demonstrate the requisite fitness and character to practice law.” Shortly thereafter, petitioner’s counsel requested access to all reports prepared by the Character Committee in conjunction with petitioner’s requests for reinstatement. The request was denied.
 

 Pursuant to Second Department rule, a disbarred or suspended attorney’s application for reinstatement “may be granted * * * only upon a showing by the applicant * * * by clear and convincing evidence that he has fully complied with the provisions of the order disbarring or suspending him or striking his name from the roll of attorneys, and that he possesses the character and general fitness to practice law” (22 NYCRR 691.11 [b]). Applicants for reinstatement must also pass the Multistate Professional Responsibility Examination
 
 (see, id.).
 
 The other three Judicial Departments of the Appellate Division have similar rules
 
 (see,
 
 22 NYCRR 603.14 [First Department], 806.12 [Third Department], 1022.28 [Fourth Department]).
 

 Section 691.11 requires the Second Department to refer an application for reinstatement “to the Committee on Character and Fitness in this judicial department or to a referee, justice or judge for a report before granting such application.” Thus, a report is sent to the court in every instance in which the Second
 
 *464
 
 Department is considering the reinstatement of an applicant. Although section 691.11 does not mention whether an applicant is entitled to see this report, the Department applies section 690.16 — relating to first-time applications for admission to the Bar — to reinstatement proceedings
 
 (see,
 
 22 NYCRR 690.16).
 

 Pursuant to section 690.16, after a Subcommittee of the Character Committee has conducted a hearing, the Subcommittee’s report and the record of the hearing are transmitted to the full Committee. The Committee may confirm, reverse or modify the Subcommittee’s report, or direct that a further hearing be held. Furthermore, “[i]f the committee’s decision recommends disapproval of the applicant * * * it shall include a statement of the grounds on which it is based, and a copy thereof shall be served on the applicant or the applicant’s attorney” (22 NYCRR 690.16). Thus, pursuant to Second Department rule, if the Committee’s report had recommended disapproval, petitioner would have received it, in order to afford him an opportunity to respond. Instead, however, because a majority of the Committee recommended that petitioner be reinstated, neither that fact nor the report was disclosed to him.
 

 We agree with petitioner’s argument that, in light of section 690.16, the court’s failure to provide him with a copy of the report preceding rejection of his reinstatement application was arbitrary. The report was the only document the Second Department mentioned in denying petitioner’s first application, and — there having been no additional hearing — must be deemed to have also factored into the second denial. Without access to the report, petitioner did not have the opportunity contemplated by section 690.16 of the court’s own rules to correct any errors in the report or to address the Committee’s concerns about his reinstatement. In effect, he was denied the opportunity to satisfy his burden of demonstrating that he possessed the requisite character and fitness to practice law, as he was not permitted to know of or rebut any evidence to the contrary contained in the report.
 

 The importance to applicants for reinstatement of being able to respond to the Committee’s report is evident from the mandate of section 690.16 that applicants receive Committee reports recommending disapproval. The fact that here the Committee’s report recommended reinstatement did not justify denial of the report or obviate petitioner’s need for it. Indeed, although the Committee may ultimately recommend reinstatement, its report may be equivocal or raise other concerns about
 
 *465
 
 the applicant’s character that the tribunal will comprehensively weigh. Before the Appellate Division relies on such a report to deny reinstatement, the applicant should have an opportunity to address such issues. Thus, in the case at bar, petitioner should have been sent the Committee’s report and accompanying exhibits, and given an opportunity to respond before the court reached its decision. Of course, before such materials are sent to an applicant for reinstatement, they may be redacted to remove Committee deliberations and other confidential information.
 

 We do not agree with petitioner, however, that the Appellate Division was required to provide him with a more detailed statement of reasons for denying his applications. Moreover, we underscore that we take no position with respect to the merits of petitioner’s application for reinstatement, a matter vested in the authority of the respective Appellate Division Departments. In light of our narrow holding and remittal, we do not reach petitioner’s remaining arguments.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to that court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur in Per Curiam opinion; Judge Rosenblatt taking no part.
 

 Order reversed, etc.