*333
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner appeals from an Appellate Division order denying his application for admission to the Bar. A member of the Committee on Character and Fitness interviewed petitioner and wrote a report recommending that a subcommittee of the full Committee hold a hearing on the application. A subcommittee held that hearing and, after writing a report recommending petitioner’s admission to the Bar, referred the matter to the full Committee. The Committee then furnished the Appellate Division with the interviewer’s original report as well as its
 
 *334
 
 own report and the subcommittee report. The Court held the application in abeyance and appointed an independent doctor to examine petitioner. In her report, the doctor concluded that petitioner’s ailment was under control and would not interfere with petitioner’s ability to function as an attorney. The Appellate Division denied petitioner’s application for admission. The Court granted petitioner’s motion to receive a transcript of the subcommittee hearing and the doctor’s report, but denied the motion to receive copies of the Committee and subcommittee reports. We granted leave to appeal.
 

 In
 
 Matter of Citrin
 
 (94 NY2d 459, 464 [2000]), this Court construed 22 NYCRR 690.16 to require the Appellate Division, before denying a disbarred attorney’s reinstatement application, to provide the applicant with a copy of the Committee’s report so the applicant might “correct any errors in the report or * * * address the Committee’s concerns about his reinstatement.” The Committee report in
 
 Citrin
 
 recommended reinstatement, but the Appellate Division rejected that recommendation. While section 690.16 required disclosure only of a report opposing reinstatement, we reasoned that withholding even a favorable report denied the applicant “the opportunity to satisfy his burden of demonstrating that he possessed the requisite character and fitness to practice law, as he was not permitted to know of or rebut any evidence to the contrary contained in the report”
 
 (id.).
 
 Accordingly, we held that the Appellate Division may not rely on such a report in denying reinstatement to the Bar, without first giving the applicant an opportunity to address any issues presented in it.
 

 Although
 
 Citrin
 
 concerns reinstatement, its principles also apply in the case before us, which deals with admission. A Committee report may conclude with a recommendation for admission but “may be equivocal or raise other concerns about the applicant’s character that the tribunal will comprehensively weigh”
 
 (Citrin,
 
 94 NY2d, at 464-465).
 

 As we stated in
 
 Citrin,
 
 the Appellate Division need not give its reasons for denying an applicant admission to the Bar
 
 (see, Citrin,
 
 94 NY2d, at 465). Here, however, the Appellate Division summarily denied petitioner admission to the Bar without even providing him an opportunity to address the basis for the denial. We reverse. We express no view, however, on the merits of petitioner’s application for admission to the Bar.
 

 Balancing the Committee’s need for confidentiality with petitioner’s need for information under
 
 Citrin,
 
 we hold that before the Appellate Division denies an applicant admission to
 
 *335
 
 the Bar, the applicant should be provided with all reports, exhibits and other material of a factual nature that the Court considered. Those documents may, however, be “redacted [or summarized] to remove Committee deliberations and other confidential information” (Citrin, 94 NY2d, at 465). The Court should also allow the applicant an opportunity to respond before it finally rules on the application.
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, and the matter remitted to that Court for further proceedings consistent with this opinion.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in Per Curiam opinion.
 

 Order reversed, etc.