[780 NYS2d 360]

In the Matter of Donald William Leo, an Attorney, Resignor.

Second Department, June 28, 2004

**APPEARANCES OF COUNSEL**

*Donald W. Leo,* Coram, resignor pro se.

*Robert P. Guido,* Syosset (*Muriel L. Gennosa* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Donald William Leo has submitted an affidavit dated January 21, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Leo was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 21, 1967.

Mr. Leo is aware that the Grievance Committee has adduced evidence of professional misconduct in its ongoing investigation against him and that it would recommend the institution of a disciplinary proceeding against him. He acknowledges that from approximately July 1998 through December 1999 he was entrusted with settlement funds on behalf of 242 separate clients in sums ranging from $1,000 to $334,000. During that time, he failed to properly preserve the amount of funds which should have been on deposit in his escrow account.

Mr. Leo acknowledges his inability to successfully defend himself on the merits of any disciplinary charges which would be initiated against him by the Grievance Committee. He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone.

Mr. Leo has discussed his decision to resign with his attorney and others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years.

Mr. Leo's resignation is submitted subject to any application which may be made by the Grievance Committee to direct that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Appellate Division, Second Department to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Leo avers that he is moving to Tennessee as soon as possible in order to be involved as a land-use planner and real estate developer. He has no plans to practice law.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as Mr. Leo's resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Donald William Leo is disbarred and his name is stricken from the roll of attorneys.

Santucci, J.P., Altman, Florio, Smith and H. Miller, JJ., concur.

Ordered that the resignation of Donald William Leo is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Donald William Leo is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Donald William Leo shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Donald William Leo is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Donald William Leo has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Donald William Leo shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).