■ In the Matter of ANONYMOUS, an Applicant for Admission to the Bar. [889 NYS2d 713]—

Per Curiam. By decision dated April 16, 2009, this Court denied applicant's application for admission to the bar (*Matter of Anonymous*, 61 AD3d 1214 [2009]). Applicant moved for an order vacating the decision or, in the alternative, for reargument. By decision dated July 6, 2009, this Court granted the motion to the extent that applicant could submit, within 20 days, information by affidavit or other documentary evidence in response to the report of the members of the Court's Committee on Character and Fitness who interviewed him and any other information in support of his application. After several extensions, applicant filed a 93-page affidavit with numerous exhibits. In this affidavit, applicant asserts procedural ir-

regularities in the process leading to this Court's decision denying him admission and argues that he possesses the character and fitness to be admitted to the bar.

We conclude that the procedures followed satisfied the relevant statutes and this Court's rules regulating the process of the Committee on Character and Fitness (*see* CPLR 9402, 9404; 22 NYCRR 805.1 [d], [e]) and provided applicant with due process (*see Willner v Committee on Character & Fitness, Appellate Div. of Supreme Court of N.Y., First Judicial Dept.*, 373 US 96 [1963]). We further affirm our prior determination that applicant has not presently established the character and general fitness requisite for an attorney and counselor-at-law (*Matter of Anonymous*, 61 AD3d 1214 [2009], *supra*). His application demonstrates a course of action amounting to neglect of financial responsibilities with respect to the student loans he has accumulated since 1983. According to applicant, his Sallie Mae federal and private loans alone now total approximately $480,000, including interest. His recalcitrance in dealing with the lenders has been and continues to be incompatible with a lawyer's duties and responsibilities as a member of the bar (*see e.g. Matter of Anonymous*, 78 NY2d 227, 232 [1991]; *see also* ABA Code of Recommended Standards for Bar Examiners, standards 7, 12, 13).

We therefore deny applicant's motion to vacate and for other relief. However, this determination is without prejudice to a future application for reconsideration of our decision which denied admission (*see Matter of Anonymous*, 61 AD3d 1214 [2009], *supra*) upon applicant's submission of proof demonstrating a relevant change in circumstances that would provide the Court with a basis upon which to conclude that he possesses the requisite character and fitness for admission to the bar.

Cardona, P.J., Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the motion to vacate and for other relief is denied.