# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 21, 2016                    D-24-16
_____

In the Matter of JOSEPH H.
    OSWALD, a Disbarred
    Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARD,                              MEMORANDUM AND ORDER
                        Petitioner;             ON MOTION

JOSEPH H. OSWALD,
                        Respondent.

(Attorney Registration No. 2002699)
_____


Calendar Date:  March 7, 2016

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                        _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.

        Law Offices of Timothy J. O'Connor, Albany (Timothy J.
O'Connor of counsel), for respondent.


                        _____


Per Curiam.

        Respondent was disbarred by this Court in 2007 (46 AD3d
1327 [2007]).  By order entered January 14, 2016, we denied
respondent's application for reinstatement (135 AD3d 1154
[2016]).  Respondent now moves for reargument or, in the
alternative, for permission to appeal to the Court of Appeals
from this Court's order.

Initially, we are unpersuaded by respondent's primary claim that reargument should be granted because he was allegedly unfairly denied access to a background memorandum supplied to the subcommittee of the Committee on Character and Fitness that was prepared by this Court's staff. Significantly, respondent was appropriately provided the _final_ report from the subcommittee, which recommended his reinstatement by a vote of 2 to 1 (see Matter of Citrin, 94 NY2d 459, 464-465 [2000]). Prior to any hearing, subcommittee members are allowed access to a reinstatement applicant's disciplinary file. The challenged staff memorandum recites the facts in respondent's disciplinary file leading up to the 2007 order of disbarment and summarizes the contents of his reinstatement application then pending before the Court. Notably, the background memorandum prepared by staff for the subcommittee's convenience is _not_ included with the information reviewed by the Court in determining a reinstatement application (see generally Matter of Anonymous, 97 NY2d 332, 334-335 [2002]). Accordingly, any claim that this Court unfairly considered nondisclosed information in considering the reinstatement application has no basis. Respondent's arguments on this point all stem from a factual matter mentioned in the subcommittee's final report, which cites the background memorandum — not the disciplinary file — as the source of that fact. Notably, respondent acknowledges in his affirmation to the subject motion that the fact cited in the subcommittee report is, in fact, a matter that he previously testified to under oath during a 2007 examination before petitioner and was included in his disciplinary file. The subcommittee had access to respondent's disciplinary file and could just as easily have cited that examination transcript as the source of the information rather than the background memorandum. Accordingly, we find no evidence to support respondent's claim that he was prejudiced or treated unfairly by the reference he cites in the final subcommittee report.

Turning to the balance of the contentions raised by respondent in his motion for reargument, inasmuch as respondent has not demonstrated that this Court "'overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law'" (Adderley v State of New York, 35 AD3d 1043, 1043-1044 [2006], quoting Foley v Roche, 68 AD2d 558, 567; see

Matter of Dambrowski v Dambrowski, 8 AD3d 913, 915-915 [2004]), his motion for reargument is denied.

Lastly, regarding respondent's request — in the alternative — for permission to appeal to the Court of Appeals, we find no basis to grant such relief on this record.  Notably, this Court's order was a final one and, therefore, permission to appeal may be obtained directly from the Court of Appeals (see CPLR 5602 [a]).

McCarthy, J.P., Rose, Lynch and Devine, JJ., concur.


ORDERED that respondent's motion is denied.




ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court