This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 176
In the Matter of Donald William
Leo, a Disbarred Attorney,
                Appellant.

              John F. Clennan, for appellant.
              Robert H. Cabble, for respondent Grievance Committee,
10th Judicial District.

PER CURIAM:

        Donald William Leo was admitted to the New York bar in 1967.

He tendered his resignation as an attorney in January 2004 in the

midst of a disciplinary investigation into alleged escrow

- 1 -

violations.  In connection with his resignation, Leo acknowledged that he "failed to properly preserve the amount of funds which should have been on deposit in his escrow account" and that he would be unable to "successfully defend himself on the merits" of any related disciplinary charges (Matter of Leo, 9 AD3d 218, 219 [2d Dept 2004]).

After tendering his resignation, Leo sold his law practice to his son.  According to their written agreement, the purchase price "d[id] not include any accounts receivable" due for "services rendered" by Leo prior to the sale.  Instead, those funds would be "promptly paid and delivered" to Leo as payment was received on contingency fee cases.  These pending matters -- more than 550 in total -- were listed in a schedule attached to the purchase agreement, along with the corresponding percentage of the fee to be allocated to Leo in each case.

Shortly after the sale, Leo sent letters to all of his clients indicating that he was "relocating" to Tennessee and that he was "transferring [his] law practice and law office assets" to his son.  The letter stated, in relevant part:

> "If you decide to retain other counsel kindly
> . . . have him or her contact *our* office
> . . .
>
> If you wish to continue with Don and *our* new
> team of associates there is no need for you
> to contact *us* at this time."

Three months later, the Appellate Division "accepted" Leo's proffered resignation and Leo was formally disbarred (id. at

219).  Among other things, Leo was ordered to comply with 22 NYCRR § 691.10 -- the Second Department's rule governing the conduct of disbarred, suspended, and resigned attorneys (id. at 220).

Seven years after his disbarment, Leo applied for reinstatement.  The Appellate Division held the motion in abeyance and referred the matter to the Committee on Character and Fitness.  A two-member Subcommittee was assigned to conduct an investigation and a hearing was held.

During the hearing, the Subcommittee members inquired into the notification that Leo had provided to clients while his resignation was pending.  According to Leo, by the time the Appellate Division accepted his resignation, all of his clients had decided to either continue with his son or to retain new counsel.  Leo stated that, under the relevant rule, he did not need to send a subsequent notice or otherwise notify his "former" clients of his disbarment.

Leo was also questioned about certain payments he received from his son arising from the sale of Leo's law practice.  Leo was unable to provide an accounting of the amounts he had received to date, and he was unable to specify which sums, if any, remained outstanding.  Leo testified that, for the first few years following the sale, Leo's son was merely "reimbursing" him for "out of pocket disbursements" that Leo had "laid out prior to leaving."  Leo estimated that these reimbursements -- which were

not declared as income on his tax returns or mentioned in the purchase agreement -- totaled "[c]lose to $500,000."  With regard to the remaining sums, Leo stated that he had "not made a determination" whether to allocate those payments to the purchase price or to the fees owed from contingency cases.  Although 22 NYCRR § 691.10 requires that legal fees and disbursements received post-disbarment must be "fixed by the court," Leo had not applied for a court order fixing compensation.

The Subcommittee was "troubled by the testimony" at the first hearing and "decided to recommend against admission." However, shortly after the hearing, Leo's counsel requested a continuance.  A second hearing was held nearly 18 months later.

During the second hearing, Leo testified that he had met with his son and reviewed all of the records relating to the payments he had received.  Leo then filed motions in various counties seeking nunc pro tunc orders fixing legal fees and recoverable disbursements.  The motions were granted, and copies of the orders were filed as exhibits at the second hearing.

The Subcommittee thereafter concluded that Leo possessed "the present character and fitness to practice law in New York." Although the Subcommittee noted that Leo's actions "did not comply with the rules relating to personal injury cases and rules relating to compensation to disciplined attorneys," it nonetheless concluded that Leo had "shown, by his determined actions, that he is willing to work hard to regain th[e]

privilege" of practicing law.  The Subcommittee recommended
reinstatement.

The Full Committee on Character and Fitness disagreed and
voted to recommend that Leo's motion for reinstatement be denied.
In its letter dated May 2, 2014, the Full Committee expressed
concerns that (1) Leo's letter notifying clients that he was
relocating did not conform to the applicable rules, and (2) Leo's
failure to seek court approval of fees and disbursements until
after the Subcommittee had noted the irregularity did not
demonstrate the requisite character and fitness for
reinstatement.

The Appellate Division subsequently denied Leo's motion for
reinstatement.  After considering the entire record, including
Leo's papers and the report of the Committee on Character and
Fitness, the Appellate Division concluded that Leo did not
"demonstrate the requisite fitness and character to practice
law."

We granted leave to appeal and now affirm.

In the Second Department, an applicant seeking reinstatement
to the bar must show "by clear and convincing evidence that [the
applicant] has fully complied with the provisions of the order
disbarring or suspending him or her . . . and that he or she
possesses the character and general fitness to practice law"
(former Rules of App Div, 2d Dept [22 NYCRR] § 691.11).  The
Appellate Division "is the fact finder on issues of character and

fitness and its discretion is inclusive" (Matter of Anonymous, 79
NY2d 782, 783 [1991]; see Matter of Citrin, 94 NY2d 459, 465
[2000]).  Indeed, the Appellate Division is best situated to
assess an applicant's compliance with the applicable disbarment
order and to determine whether, in light of the misconduct giving
rise to his or her disbarment, the applicant's subsequent conduct
demonstrates the requisite character and fitness for readmission.
Accordingly, our standard of review is limited to whether the
Appellate Division abused its discretion in denying Leo's motion
for reinstatement.  We discern no abuse of discretion here.

The record here includes evidence that Leo failed to comply
with the provisions of his disbarment order, including the
provision requiring compliance with 22 NYCRR § 691.10.
Specifically, § 691.10(b) makes clear that, in the Second
Department, "[a] disbarred, suspended or resigned attorney" may
only be compensated "on a quantum meruit basis for legal services
rendered and disbursements incurred" prior to his or her removal
from the bar, and that "the amount and manner of payment" must be
"fixed by the court" (former Rules of App Div, 2d Dept [22 NYCRR]
§ 691.10[b]).  Here, Leo received payment for legal fees and
disbursements incurred prior to his disbarment, but he did not
obtain the required court orders until his error was uncovered by
the Subcommittee.  Moreover, at his first hearing, Leo was unable
to provide an accurate accounting of the payments he had
received, nor could he specify whether the sums constituted

disbursement reimbursements, fees for legal services rendered, or installments towards the purchase price of his firm.  In the absence of the required court orders and an accurate accounting, Leo was not in compliance with section 691.10(b).

Leo's argument regarding his pre-disbarment client notification is also unavailing.  Under section 691.10, "[a] disbarred, suspended or resigned attorney" must provide notice to "all clients being represented in pending matters . . . of his disbarment, suspension or resignation and his consequent inability to act as an attorney" (id. §§ 691.10[c]-[d]).  In this case, Leo informed his clients, in advance of his anticipated disbarment, that he was "transferring" his law practice to his son, but Leo did not send a subsequent notice or otherwise inform clients of his eventual disbarment.  Even if Leo did not violate section 691.10 -- Leo had no "current" clients at the time of his disbarment -- his notification could reasonably be considered misleading to the extent it implied that Leo was merely "relocating" and would remain involved in the practice.[1]

In sum, on this record, there is no basis to disturb the Appellate Division's determination that Leo did not "demonstrate

_____

[1] We do not imply that Leo violated 22 NYCRR § 691.10 (c) and (d), or "refuse[] to conclude" that he did not (concurring op at 1).  Rather, in reviewing the Appellate Division's assessment of the entire record, we confine our decision -- in accordance with our limited standard of review -- to issues that are necessary to the resolution of this appeal.  As the concurrence necessarily concedes by joining in the result, this issue is not.

the requisite fitness and character to practice law."

    We have considered Leo's remaining contentions and find them to be without merit.

    Accordingly, the order of the Appellate Division should be affirmed, without costs.

Matter of Donald William Leo

No. 176

FAHEY, J.(concurring):

I respectfully concur in the result only. The majority refuses to conclude that Donald William Leo did not violate the Special Rules of the Appellate Division, Second Department, embodied in 22 NYCRR 691.10 (c) and (d) (see majority op at 7). To clarify: Leo did not breach those rules.

The subject rules pertain only to the conduct of attorneys who are "disbarred, suspended or [who have] resigned" (22 NYCRR § 691.10). At the time Leo gave the client notification in question, none of those classifications applied to him. Although Leo had *submitted* his resignation to the Appellate Division at the time the disputed notification had been made, that Court retained the discretion whether to *accept* Leo's request to relinquish his law license, which it did not do until months after the communication in question.

If the submission of a letter of resignation was sufficient there would be no need for the Appellate Division to accept or reject it. The Appellate Division must clearly maintain the authority to accept a resignation or issue an order of disbarment.

- 1 -

In any event, on balance I agree with the majority "that there is evidence to sustain the decision of the Appellate Division" (Matter of Anonymous, 79 NY2d 782, 783 [1991]; see majority op at 7). "While one might disagree with the determination made by that court in this case, [w]e may not substitute our judgment on the merits for that of the Appellate Division" (Anonymous, 79 NY2d at 783 [internal quotation marks omitted]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, without costs. Opinion Per Curiam. Chief Judge DiFiore and Judges Pigott, Abdus-Salaam, Stein and Garcia concur. Judge Fahey concurs in result in a separate concurring opinion. Judge Rivera took no part.

Decided November 22, 2016