Matter of Anonymous (2018 NY Slip Op 08231)





Matter of Anonymous


2018 NY Slip Op 08231


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018


[*1]In the Matter of ANONYMOUS, an Applicant for Admission to Practice as an Attorney and Counselor at Law.

Calendar Date: November 7, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York City (Peter A. Frucchione of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Applicant, who is 42 years old, graduated from Marquette University School of Law in 2009 and was admitted to the practice of law in Wisconsin by diploma privilege that same year. In July 2016, the State Board of Law Examiners certified him for admission to this Court; two months later, applicant submitted an "Applicant's Affidavit as to Legal Practice" indicating that he had been engaged in the full-time practice of law for at least five of the seven years immediately preceding the date of his application, and he was deemed eligible for admission on motion (see Rules of Court of Appeals [22 NYCRR] §§ 520.7, 520.10). After completing its investigation of applicant, including an interview with him, the Committee on Character and Fitness recommended that he be admitted (see CPLR 9402; Rules of App Div, 3rd Dept [22 NYCRR] § 805.1).
As we are not satisfied that applicant "possesses the character and general fitness requisite for an attorney and counselor-at-law" (Judiciary Law § 90 [1] [b]), we decline to adopt the Committee's recommendation. The application reveals that applicant filed for chapter 7 bankruptcy in 2003, at which time $26,265 of his debt was discharged; $37,650, reflecting applicant's then outstanding student loan debt, survived bankruptcy. Presently, applicant's student loan debt exceeds $580,000 and a copy of his National Student Loan Debt Center file shows loan disbursements dating to 1995; since then, applicant has made a total of $2,770 in student loan payments. This is so notwithstanding his full-time employment as an attorney in Wisconsin for at least five years.
Applicant bears the burden of demonstrating that he possesses the character and general fitness requisite for admission (see Matter of Anonymous, 97 NY2d 332, 334 [2002]), and, prior to being sworn in as an attorney and counselor-at-law, he has a continuing obligation to provide any updated information relevant to his application. Applicant has satisfied neither prerequisite to admission, providing information before and during his interview — related to the status of his student loans and his intentions with respect thereto — that is inconsistent with information that he has submitted since his interview. When asked to explain these [*2]inconsistencies, applicant's responses have been cursory and cavalier. While we are cognizant of the present financial realities faced by virtually every applicant seeking admission to the bar, we cannot countenance applicant's apparent unwillingness to address his student loan obligations, and we are skeptical of his purported good faith intentions to satisfy them, particularly given his recent submissions to this Court (see Matter of Anonymous, 61 AD3d 1214 [2009]). In other words, our decision does not rest on the existence of applicant's student loan debt, but rather his indifference regarding it. Accordingly, we deny the application without prejudice to renewal at such time as applicant can submit proof demonstrating a relevant change in circumstances upon which we can conclude that he possesses the requisite character and fitness for admission to the bar in New York (see Matter of Anonymous, 67 AD3d 1248, 1249 [2009]).
Garry P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the application for admission is denied.