Matter of Anonymous (2022 NY Slip Op 04938)

Matter of Anonymous

2022 NY Slip Op 04938

Decided on August 11, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 11, 2022

PM-147-22
[*1]In the Matter of Anonymous, an Applicant for Admission to Practice as an Attorney and Counselor-at-Law.

Calendar Date:April 18, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Per Curiam.
Applicant, a 48-year-old resident of Maryland, graduated from law school in 2008 and passed the Uniform Bar Examination in the District of Columbia in February 2018. He transferred his Uniform Bar Examination score to New York and the State Board of Law Examiners certified him for admission to this Court (see Rules of Ct of Appeals [22 NYCRR] § 520.7). Following a hearing, this Court's Committee on Character and Fitness issued a decision recommending disapproval of the application. Applicant now petitions this Court for an order granting his application for admission to practice notwithstanding the Committee's decision (see Rules of App Div, 3d Dept [22 NYCRR]
§ 805.1 [j]).
It is applicant's burden to demonstrate that he possesses the character and general fitness requisite for admission (see Matter of Anonymous, 97 NY2d 332, 334 [2002]; Matter of Anonymous, 172 AD3d 1522, 1523 [2019]). The record before us demonstrates that, while in law school, applicant engaged in the unauthorized practice of law when he established a law firm, which firm was to include his father — a licensed Maryland attorney — and thereafter proceeded to forge his father's signature on a cease and desist letter issued on the firm's letterhead and further provided legal advice to an individual.[FN1] His unauthorized practice of law in this regard is aggravated by the fact that, despite being made aware of this misconduct, he nevertheless continued to misrepresent the status of his licensure as an attorney in Maryland. Based on the foregoing, and his demonstrated lack of candor on his Maryland bar application, applicant was denied admission to the bar in that state.
Applicant has continued his troubling pattern of dishonesty and a lack of candor during the instant investigation by this Court's Committee on Character and Fitness. Significantly, we agree with the Committee's conclusion that applicant knowingly made a false statement of material fact to this Court regarding the present location of his residence in order to gain a procedural benefit; namely, avoiding the temporary deferment of his application for admission while his reapplication for admission to the bar in Maryland, his home state, was pending. Such a deliberate misrepresentation, standing alone, is a sufficient basis to deny applicant's petition. Accordingly, we conclude that applicant has failed to demonstrate that he presently possesses the character and general fitness requisite for an attorney and counselor-at-law and, therefore, his petition is denied (see Judiciary Law § 90 [1] [a]; Matter of Anonymous, 172 AD3d at 1523).
Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the petition is denied.

Footnotes

Footnote 1: Applicant's conduct played a significant role in his father subsequently being disbarred in Maryland.