Matter of Anonymous (2025 NY Slip Op 04950)

Matter of Anonymous

2025 NY Slip Op 04950

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

PM-198-25
[*1]In the Matter of Anonymous, an Applicant for Admission to Practice as an Attorney and Counselor at Law.

Calendar Date:August 4, 2025

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Per Curiam.
Applicant, a 41-year-old resident of Florida, received his juris doctor degree from Georgetown University Law Center in 2015. He thereafter passed the July 2015 New York State bar examination and, in the spring of 2016, applied for admission to the practice of law in this state. Following a subcommittee interview and formal hearing, in January 2018, this Court's Committee on Character and Fitness (hereinafter the Committee) issued a decision recommending disapproval of his application for admission, without prejudice to renewal thereof after a period of two years. Applicant did not petition the Court for admission notwithstanding the decision of the Committee quorum at that time.
In March 2020, in accordance with the Committee's prior decision, applicant submitted a renewal application, again seeking admission to the practice of law in this state. While applicant's renewal application was pending, in February 2021, he disclosed that he was named as a defendant in a federal lawsuit, alleging, among other things, that he had breached a sales agreement by failing to pay certain sales commissions purportedly owed to an independent sales representative that he and his investment firm had contracted with. Given the pending civil litigation against applicant, further consideration of his renewal application was temporarily held in abeyance pending the resolution thereof. In 2023, applicant notified this Court that he entered into a $300,000 settlement agreement with the plaintiff, concluding the underlying civil litigation; however, two months later, he defaulted on this settlement agreement after making only two agreed-upon monthly payments. As a result, in December 2023, judgment was entered against him and his investment firm, jointly and severally, in the amount of $263,529.42.
Following resolution of the subject civil litigation, consideration of applicant's admissions application resumed, and, in turn, applicant subsequently appeared for another subcommittee interview and formal hearing. Ultimately, in February 2025, the Committee issued a decision once again recommending disapproval of applicant's application for admission. Applicant now moves this Court for an order granting his application for admission to practice notwithstanding the Committee's decision (see Rules of App Div, 3d Dept [22 NYCRR] § 805.1 [j]).
Every applicant seeking admission to the practice of law in this state carries the burden of demonstrating that he or she possesses the character and general fitness requisite for admission (see Judiciary Law § 90 [1] [a]; Matter of Anonymous, 97 NY2d 332, 334 [2002]; Matter of Anonymous, 237 AD3d 1465, 1465 [3d Dept 2025]). Here, the undisputed evidence at the hearing demonstrates that, despite the December 2023 entry of judgment against applicant in the amount of $263,529.42, to date, applicant has not made any payments in satisfaction thereof, nor has he set forth any reasonable plan for how he intends to address this court-ordered obligation[*2]. Applicant's conduct in this regard demonstrates, at best, a neglect of his financial responsibilities and, at worst, a lack of respect for an extant court order (see Matter of Anonymous, 166 AD3d 1468, 1468-1469 [3d Dept 2018]; Matter of Anonymous, 61 AD3d 1214, 1214 [3d Dept 2009]; Matter of Anonymous, 11 AD3d 877, 877-878 [3d Dept 2004]). Accordingly, under the circumstances, we deny applicant's motion without prejudice to renewal at such time as applicant can submit proof demonstrating a relevant change in circumstances upon which we can conclude that he possesses the requisite character and fitness for admission to the bar in New York (see Matter of Anonymous, 166 AD3d at 1469).
Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ., concur.
ORDERED that the motion is denied.